ELADIO MEJÍA, demandante y apelante, *v.* GENEROSO MOURIÑO y JUANA NICOT VÁZQUEZ, demandados y apelados.

Núm. 9591.—*Sometido:* Enero 13, 1948. *Resuelto:* Abril 23, 1948.

*Aníbal Padilla,* abogado del apelante; *Enrique Tristani,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 24 de noviembre de 1937 los esposos demandados Generoso Mouriño y Juana Nicot eran dueños de una finca ur-

---

bana la cual adquirieron en remate público celebrado por El Pueblo de Puerto Rico para el cobro de contribuciones adeudadas por el contribuyente Juan Turell. Esta finca la vendieron a Liborio Arce por escritura pública de 16 de septiembre de 1941 y el 9 de abril de 1946 los demandados volvieron a adquirirla por compra a Arce y en la misma fecha la vendieron al demandante.

Cuando Arce adquirió la finca presentó su escritura en el Registro de la Propiedad y la retiró sin practicar operación porque los demandados no habían inscrito su título y la finca permanecía registrada a nombre de Turell. También el demandante trató de registrar la suya y no pudo porque la finca no estaba inscrita a nombre de los vendedores. Con ese motivo instituyó este pleito solicitando la rescisión de la venta e indemnización de daños y perjuicios.

■ La corte inferior declaró probado que cuando Mouriño y esposa vendieron la finca al demandante, no hubo representación alguna al efecto de que la misma estuviese inscrita a favor de los vendedores. Por el contrario, la corte declaró probado que cuando el demandante compró, sabía que la finca no estaba inscrita a favor de los vendedores y que precisaba llenar ciertos trámites para que él pudiese inscribir su título. Aunque el demandante no hubiera tenido conocimiento personal de este hecho, del Registro constaba la información necesaria y la ley presume concluyentemente que lo conocía.

La demanda fué desestimada luego de verse el caso en sus méritos. El demandante interpuso entonces el presente recurso.

■ Como podrá verse por la relación de hechos, todo lo que tenía que hacer el apelante era presentar los anteriores títulos en el Registro, a fin de dar cumplimiento a las disposiciones del artículo 20 de la Ley Hipotecaria.

Tratando del caso en que la finca vendida estuviere gravada sin mencionarlo la escritura, caso sin duda mucho más

fuerte que el presente donde se trataba de omisión de ins-
cribir los títulos anteriores, dice el artículo 1372 del Código
Civil:

"Si la finca vendida estuviese gravada, sin mencionarlo la escri-
tura, con alguna carga o servidumbre no aparente, de tal naturaleza
que deba presumirse no la habría adquirido el comprador si la
hubiera conocido, podrá pedir la rescisión del contrato, a no ser que
prefiera la indemnización correspondiente.

"Durante un año, a contar desde el otorgamiento de la escritura,
podrá el comprador ejercitar la acción rescisoria, o solicitar la in-
demnización. Transcurrido el año, sólo podrá reclamar la indemni-
zación dentro de un período igual, a contar desde el día en que
haya descubierto la carga o servidumbre."

Interpretando el artículo correspondiente dél Código Civil
Español, el 1483, dice Manresa que si el gravamen o la ser-
vidumbre no aparente estuviesen inscritos en el Registro de
la Propiedad, el comprador pudo conocer perfectamente el
estado del inmueble vendido y si sufre perjuicios, debe im-
putárselos a su propia negligencia. Agrega dicho autor que
en tal caso, es decir, cuando consta el gravamen del Registro,
el comprador no tendrá derecho ni a la rescisión del con-
trato ni a pedir indemnización de ninguna especie. Man-
resa, Comentarios al Código Civil Español, t. 10 (2da. ed.
1908), pág. 221. Véanse, al mismo efecto, Scaevola, Código
Civil, t. 23, pág. 599 y la Sentencia del Tribunal Supremo de
España de 8 de abril de 1893, Jur. Civil, t. 95, págs. 597,
614.

Si el comprador no tiene derecho a rescisión ni a indem-
nización alguna tratándose de gravámenes inscritos en el
Registro de la Propiedad, con mucha menos razón puede te-
ner esos remedios cuando sólo se trata, como en este caso,
de la omisión de inscribir los títulos anteriores.

*Procede la confirmación de la sentencia.*