MARÍA GARCÍA FONT, demandante y recurrente, *v.* RAFAEL DURAND & ASSOCIATES, demandados y recurridos.

*Número:* R-83-108 *Resuelto:* 21 de junio de 1983

*Dennis D. Martínez Colón*, abogado de la recurrente; *Julio Maymí Pagán*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

■ El presente caso destaca en alto relieve la utilidad del Registro de la Propiedad y la correlativa obligación de consultarlo[1] en los contratantes. Por escritura Núm. 47 otorgada en San Juan el 4 diciembre, 1972 ante el notario Lic. Eduardo N. Colón Cruz, la ahora demandante recurrente María García Font vendió a la corporación demandada R. Durand & Associates dos fincas rústicas en el barrio Cercadillo de Cayey, una identificada con la letra "A", de 7.75 cuerdas; y la otra "B" de 13.46 cuerdas. Respecto al estado de título y cargas de estos inmuebles en el hecho segundo de dicho instrumento declaró la vendedora que "la finca descrita bajo la letra 'A' aparece inscrita al folio ciento siete del tomo noventa y ocho de Cayey, finca número tres mil seiscientos treinta y cinco, no encontrándose la finca descrita bajo la letra 'B' inscrita en el Registro de la Propiedad, estando ambas fincas libres de cargas y gravámenes". Constituyó el precio la suma de $40,000 del que quedaron aplazados $28,800 con intereses al 7 1/2% anual amortizables en cinco plazos anuales. Como Durand no pagara el cuarto plazo que importa $6,925.80 vencido el 5 diciembre, 1976 la vendedora promovió acción civil en ejecución de la hipoteca que garantiza el precio adeudado. Durand contestó la demanda y formuló reconvención contra su vendedora en que reclama daños y perjuicios por $500,000 sobre la base de que la falta de inscripción actualizada[2] del predio de 13.46 le impidió obtener financia-

---

[1] El Art. 175 párr. 2° del Reglamento Notarial español, al hablar de la consignación de cargas en las escrituras públicas, impone al notario la obligación de advertir a las partes sobre la conveniencia de consultar al Registro de la Propiedad. La advertencia ha cobrado adicional valor con el problema de títulos apócrifos, falsificación de firmas de notarios extintos o que nunca lo fueron que ya confrontan los Registradores.

[2] Esta finca que en la escritura de compraventa se informó como *no inscrita*, sí estaba inmatriculada pero hacía años se había detenido el tracto sucesivo por falta de inscripción de numerosas operaciones antes de advenir su dueña la vendedora demandante García Font. Inexplicablemente las gestiones para reconstruir la cadena de transmisiones anteriores tomaron nueve años, demora que bajo ningún concepto puede imputarse a la recurrente, pues fue el demandado recu-

miento para un desarrollo de urbanización, destino económico trazado a estos inmuebles.

El 28 junio, 1983 la sala de instancia estimó la demanda sobre ejecución de hipoteca y desestimó la reconvención del deudor con fundamentos que resultarán correctos y que en parte elaboró así:

> No es pues de la ley de donde surge la obligación de la demandante reconvencionada de inscribir la finca. Tampoco hubo ningún contrato al respecto (ya vimos que fue el demandado reconvencionista quien el mismo día de la compraventa contrató los servicios del abogado y pagó sus honorarios). Réstanos tan sólo examinar si la demandante reconvencionada venía obligada a inscribir la propiedad por haber cometido un acto u omisión ilícito en el que hubiera intervenido culpa o negligencia. ¿Podría calificarse como tal la información que sobre el estatus registral de la finca dio al afirmar que no estaba inscrita, estándolo? Creemos que no. Para la demandante reconvencionada la finca no se encontraba inscrita, o sea, su derecho sobre la finca no estaba inscrito. Era a la demandada reconvencionista a quien correspondía, si tenía interés en hacerlo, acudir al registro para enterarse de cuál era la realidad registral de la finca que deseaba adquirir. Es precisamente para esto que existe el Registro de la Propiedad, el objeto de la institución, su fundamento: dar publicidad de los derechos. La demandada reconvencionista es una corporación que se dedica al desarrollo de tierras, no puede alegar desconocimiento de la existencia del Registro de la Propiedad en Puerto Rico ni de sus funciones. Fue negligente en no consultarlo antes de adquirir la propiedad.

El 7 febrero, 1983 dictó una segunda sentencia en reconsideración con nuevas determinaciones de hecho en la que se reconoció un balance de $20,163.82 adeudado por Durand a su vendedora, se estima la reconvención de aquél en $36,600 ($31,000 de daños y perjuicios, más $5,600 de gastos y honorarios de abogado en la reconstrucción del tracto) y al aplicar la compensación de créditos (Art. 1149 C.C.) condena

---

rrido, informado desde un principio por su vendedora del defecto de inscripción quien contrató abogados para poner al día la realidad registral.

a la demandante a pagar $16,436.18 a su comprador Durand & Associates. Contra esta sentencia recurrió la demandante en ejecución de hipoteca y el 28 abril, 1983 requerimos de la parte recurrida mostrar causa por la que no debía estimarse la demanda en su totalidad, y rechazar la reconvención del deudor por no haberse éste enterado previamente en el Registro de la Propiedad de la situación del inmueble en cuanto a titularidad y cargas. El breve argumento en su escrito-contestación se reduce a sostener que el comprador podía ignorar el Registro y el historial de la finca y procede con un expediente de dominio como si la finca no estuviese inmatriculada, y que su vendedora le responde por lo que podíamos llamar *desorientación* al manifestar en la escritura que la finca no estaba inscrita.

En lo que concierne a este litigio, la obligación de saneamiento o garantía del vendedor está compendiada en los siguientes artículos del Código Civil:

Art. 1350. *Entrega y Saneamiento.* El vendedor está obligado a la entrega y saneamiento de la cosa objeto de la venta. 31 L.P.R.A. sec. 3801.

Art. 1363. *Saneamiento en general.* En virtud del saneamiento a que se refiere la sec. 3801 de este título, el vendedor responderá al comprador: 1. De la posesión legal y pacífica de la cosa vendida. 2. De los vicios o defectos ocultos que tuviere. 31 L.P.R.A. sec. 3831.

Art. 1372. *Carga o servidumbre no aparente.* Si la finca vendida estuviese gravada, sin mencionarlo la escritura, con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente.

Durante un año, a contar desde el otorgamiento de la escritura, podrá el comprador ejercitar la acción rescisoria, o solicitar la indemnización. Transcurrido el año, sólo podrá reclamar la indemnización dentro de un período igual, a contar desde el día en que haya descubierto la carga o servidumbre. 31 L.P.R.A. sec. 3840.

444

 No puede conceptuarse vicio o defecto oculto ni carga(3) no aparente la inscripción detenida a nombre de persona distinta a la vendedora atribuible a la interrupción del tracto sucesivo, si la vendedora aseveró en la escritura que la finca de 13.46 cdas. no estaba inscrita. Castán Tobeñas(4) percibe como requisito legal y condición precisa para que exista la obligación del saneamiento por gravámenes de las fincas "que el gravamen no conste en el Registro de la Propiedad, porque, de otro modo, el comprador pudo conocer perfectamente el estado del inmueble, y si sufre perjuicio debe imputárselo a sí mismo".

 El nacimiento de la acción rescisoria y la de indemnización provistas en el Art. 1372 está subordinado a los principios de legalidad, publicidad y especialidad que informan el Derecho registral por así ordenarlo el Art. 1427 C.C. que dice: "Todo lo dispuesto en esta parte [IV, contrato de compra y venta] se entiende con sujeción a lo que respecto de bienes inmuebles se determine en la Ley Hipotecaria, Título 30." 31 L.P.R.A. sec. 3961. El Art. 23(5) de la Ley Hipotecaria declara que el Registro es público para quienes tengan interés en averiguar el estado jurídico de los bienes inmuebles o derechos reales inscritos y si el comprador no consultó, no tendrá derecho a pedir rescisión del contrato ni indemnización. El derecho a ésta, según el Art. 1372, depende de la presunción de que el comprador no hubiese adquirido la finca si hubiera conocido el gravamen, pero no podrá invocar error ni ignorancia "desde el momento en que hay un Registro público, cuyo principal objeto es precisamente ese, el evitar todo motivo de error en

---

(3) En el laborioso restablecimiento del tracto apareció una hipoteca que se constituyó y canceló sin entrar al Registro.

(4) J. Castán Tobeñas, *Derecho civil español, común y foral,* 9na ed., Madrid, Inst. Ed. Reus, 1961, T. 4, pág. 122.

(5) Equivalente al Art. 279 en la Ley de 1893 (30 L.P.R.A. sec. 501).

las transacciones". (⁶) Así como al comprador afecta la apariencia física de la servidumbre aun cuando no la mencione la escritura, tampoco puede evadir el mismo efecto generado por la apariencia o exposición derivada de la publicidad registral. *Miralli* v. *Fullana Corp.*, 98 D.P.R. 330, 335-337 (1970).

■ Si de tal modo se imputa negligencia al comprador que no consultó el Registro en el caso de gravamen oculto, y se releva al vendedor de la obligación de saneamiento, es imposible culpar a la recurrente que no hizo tal representación, limitándose a manifestar en la escritura que la finca no estaba registrada. *Cf. Mejía* v. *Mouriño*, 68 D.P.R. 661, 663 (1948). De otra manera, cuando el vendedor asegura que la finca se halla libre de cargas y se obliga al saneamiento queda el comprador excusado —fiado en la responsabilidad personal de aquél— de la consulta al Registro ineludible en defecto de pacto expreso. (⁷)

Si bien el recurrido no puede exigir saneamiento a su vendedora, la sala de instancia declaró probado que en conversaciones durante la pendencia del litigio, esta última autorizó a su deudor Durand a deducir de la acreencia los gastos y honorarios de abogado en actualizar el título que ascendieron a $5,000, pacto que es exigible.

Con estos antecedentes y fundamentos *se expedirá el auto y se modificará la sentencia recurrida limitando a $5,000 la compensación que puede oponer el demandado recurrido a su deuda hasta entonces de $20,163.82 y se restablece la sentencia original de 28 junio, 1982 que dispuso la*

---

(⁶) J.M. Manresa, *Comentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1969, T. 10, Vol. 1, págs. 328, 329.

(⁷) S. de 5 enero, 1916 anotada por F. Bonet Ramón, *Código Civil Comentado*, 2da ed., Madrid, Ed. Aguilar, 1964, pág. 1164; *Sánchez* v. *Coll*, 69 D.P.R. 925, 931 (1949). El texto clásico del pacto en la práctica notarial puertorriqueña: "El vendedor se obliga expresamente al saneamiento en caso de evicción o gravamen oculto."

*ejecución del crédito hipotecario, en todo efecto compatible con lo ahora resuelto. Así modificada, será confirmada.*

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Torres Rigual no intervino.